Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to the paper coverings containing phonograph records the subject of *United States* v. *Radio Corp. of America, RCA Victor Division* (41 C. C. P. A. 137, C. A. D. 541), the claim of the plaintiff was sustained.

**No. 58746.**—United Exporters Company v. United States, protest 203011–K (San Francisco).

Opinion by RAO, J. At the trial, the examiner testified that the merchandise at bar is described as common Japan straw matting of the type he would now advisorily classify at 3 cents per pound under paragraph 1021. Based upon the established facts, the claim of the plaintiff was sustained as to the entry in question.

**No. 58747.**—Joseph Fleischer & Co., Inc., and Dorf International, Ltd. v. United States, protest 237532–K (New York).

Opinion by FORD, J. At the trial, it was stipulated that the involved merchandise, consisting of a ladies' court theatrical wig, is composed of human hair and is in chief value of human hair. In accordance with stipulation of counsel, it was held that the merchandise described on the invoice as "D.1 Theatrical wig, Ladies Court" was dutiable as claimed.

BEFORE THE THIRD DIVISION, FEBRUARY 3, 1955

**No. 58748.**—Paolo Alonge, Inc., et al. v. United States, protests 240180–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of Pecorino (sheep's milk) cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiffs was sustained.

**No. 58749**—G. Anena Food Products et al. v. United States, protests 240443–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of Pecorino (sheep's milk) cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiffs was sustained.

No. 58750.—Capitol Wine & Spirit Corp. et al. *v.* United States, protests 122841–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 58751.—Gimbel Bros., Inc., et al. *v.* United States, protests 215068–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of china figures similar in all material respects to the figures passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiffs was sustained.

No. 58752.—Pacific Dry Goods Company *v.* United States, protests 199378–K, etc. (San Francisco).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as the articles the subject of Abstract 57716, the claim of the plaintiff was sustained.

No. 58753.—Astoria Pan Americana, Inc., and J. J. Boll *v.* United States, protest 225964–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.